# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 22-1743

———————————————

Benjamin E. Motal

*Plaintiff - Appellant*

v.

Allstate Property & Casualty Insurance Company

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the Eastern District of Arkansas - Central

——————————

Submitted: January 11, 2023
Filed: May 18, 2023
[Unpublished]

——————————

Before SMITH, Chief Judge, WOLLMAN and LOKEN, Circuit Judges.

——————————

PER CURIAM.

Benjamin Motal was involved in a car accident on May 23, 2019. He sued the driver and the driver's insurer, Allstate Property & Casualty Insurance Co. (Allstate) in Arkansas state court, alleging, as relevant here, that Allstate violated the Arkansas Deceptive Trade Practices Act (ADTPA). See Ark. Code Ann. § 4-88-107. After the claims against the driver were dismissed, Allstate removed the matter to federal

district court and filed a motion to dismiss. Motal opposed Allstate's motion and moved to remand the matter to state court. The district court[1] denied the motion to remand and dismissed the complaint for failure to state a claim. See Fed. R. Civ. P. 12(b)(6). Reviewing *de novo*, we affirm. Turntine v. Peterson, 959 F.3d 873, 880 (8th Cir. 2020) (reviewing *de novo* the question whether diversity jurisdiction exists); Universal Coops., Inc. v. AAC Flying Serv., Inc., 710 F.3d 790, 794 (8th Cir. 2013) (reviewing *de novo* dismissal for failure to state a claim).

The district court properly exercised jurisdiction over the ADTPA claim. Motal and Allstate are diverse citizens, and Allstate proved by a preponderance of the evidence that a fact finder might legally conclude that Motal's damages are greater than $75,000. See 28 U.S.C. § 1332(a) (original jurisdiction over civil actions in which the parties are citizens of different states and the amount in controversy exceeds $75,000); Turntine, 959 F.3d at 881 (removing party bears the burden of proving "whether a fact finder might legally conclude that the damages are greater than the requisite amount" (cleaned up)). Motal's complaint sought damages "in an amount determined by the jury," as well as punitive damages. Allstate thus cited similar cases in which juries had awarded more than $75,000 in damages. Moreover, Motal cited in his complaint three cases as evidence of Allstate's allegedly unlawful practice—two of which were heard in federal court on the basis of diversity jurisdiction and a third that was resolved in state court, where a jury returned a verdict of more than $400,000.[2] In light of Motal's allegations and the parties' citations, we conclude that Allstate established federal jurisdiction. We note that Motal's

---

[1]The Honorable Kristine G. Baker, United States District Judge for the Eastern District of Arkansas.

[2]See Second Am. Compl. ¶ 30 (citing Haynes v. Allstate Fire & Cas. Ins., No. 19-cv-02397, 2020 WL 816043 (D. Colo. Feb. 18, 2020); Lopez v. Allstate Fire & Cas. Ins. Co., No. 14-20654-Civ, 2015 WL 5269687 (S.D. Fla. Sept. 10, 2015); Jacobsen v. Allstate Ins. Co., 310 P.3d 452 (Mont. 2013)).

settlement demand of $17,076 did not establish to a legal certainty that his claim was for less than $75,000. See Turntine, 959 F.3d at 881 (burden shifts to party seeking remand to "establish to a legal certainty that the claim is for less than" $75,000).

Motal argues that the district court erred in dismissing his ADTPA claim. He concedes that he did not plead reliance on Allstate's allegedly unlawful practice, but argues that he was not required to do so because ADTPA did not explicitly require reliance when Allstate implemented the practice.[3] We apply "[t]he statute in effect at the time of the alleged wrongful conduct," however. Apex Oil Co. v. Jones Stephens Corp., 881 F.3d 658, 662 (8th Cir. 2018). Motal pleaded that Allstate's unlawful practice forced him to resort to litigation, causing him to incur costs and expend time. Allstate's alleged wrongful conduct thus was not the mere implementation of the practice, but rather the application of the practice in resolving Motal's claim. That conduct occurred sometime after the 2019 accident, and the statute then in effect required proof of "reliance on the use of a practice declared unlawful." See Ark. Code Ann. § 4-88-113(f)(1)(A) (2017). Motal does not argue that he can state a claim under the amended version of ADTPA.

The judgment is affirmed. See 8th Cir. R. 47B.

_____

[3]Motal claims that Allstate implemented its unlawful practice before August 1, 2017, when amendments to ADTPA's civil enforcement and remedies section took effect. The earlier version of the statute provided a cause of action for "[a]ny person who suffer[ed] actual damage or injury as a result of an offense or violation." Ark. Code. Ann. § 4-88-113(f) (2011).